UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
OLGA MILMAN,

                         Petitioner,            **MEMORANDUM AND ORDER**
                                                                               12 CV 4416 (DRH)

          - against -

GEORGINA MACIAS CARSON, Federal Bureau
of Prisons, U.S. Department of Justice,

                        Respondent.
---------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      *Pro se* petitioner Olga Milman brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") improperly denied her credit towards her federal sentence for time served while in state custody prior to being sentenced on her federal conviction. For the reasons set forth below, Milman's petition is denied.

## *BACKGROUND*

      On October 11, 2005, Milman pled guilty to filing a false tax return and was released on her own recognizance. On January 10, 2007, while awaiting sentence on her federal conviction, she was arrested by Suffolk County authorities in connection with a Ponzi scheme. Milman was released on her own recognizance. On June 23, 2010, Milman was convicted of a scheme to defraud in the first degree and four counts of grand larceny. She was taken into custody while awaiting sentence. On December 1, 2010, Milman was sentenced on her state conviction to an indeterminate term of five to fifteen years incarceration. On July 15, 2011, she was sentenced on her federal conviction by this Court to 24 months incarceration to run concurrently with her state sentence. Sometime thereafter, the BOP designated New York State's Albion Correctional

Facility as the facility for Milman to serve her federal sentence.[1]

## DISCUSSION

"Under § 2241, a prisoner may challenge the *execution* of [his] sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or conditions of confinement." *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (internal quotation marks and citations omitted); *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."). Here, petitioner is challenging the execution of her sentence, namely the calculation by the BOP of the credit purportedly owed to her for time served in state custody prior to her federal sentence. Specifically, petitioner claims that because she was in state custody dating back to June 23, 2010, she is entitled to a credit of 347 days towards her federal sentence for time already served pursuant to 18 U.S.C. § 3585(b).[2] Notwithstanding Milman's contention that the BOP incorrectly calculated the amount of credit owed to her, the petition is now moot.

"A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution." *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004); *accord Spencer v. Kemma*, 523 U.S. 1, 7, 118 S. Ct. 978, 140

---

[1] According to Milman, she will be serving both her state and federal sentence at the Albion Correctional Facility.

[2] Petitioner incorrectly calculates the amount of days between June 23, 2010 (the date she was taken into state custody) and July 15, 2011 (the date her federal sentence was imposed) as 347 days. The correct amount of days is 387.

L. Ed. 2d 43 (1998). "In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a 'concrete and continuing injury' that is a 'collateral consequence' of the detention and can be remedied by granting the writ must exist." *So v. Reno*, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003) (quoting *Spencer*, 523 U.S. at 7). The BOP indicated that Milman's release date from her federal sentence was April 10, 2013. Even if her release did not occur on April 10, 2013, the latest Milman could have been serving her federal sentence was July 15, 2013 since her 24 months of incarceration began on July 15, 2011. Because Milman's petition seeks a credit to her federal sentence, a sentence which has now been completed, the Court finds that there is no concrete and continuing injury after her release from federal custody and, therefore, her petition no longer satisfies the case-or-controversy requirement. *See Davies v. Goffman*, 2009 WL 5196134, at *2 (S.D.N.Y. Dec. 21, 2009) ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody.") (internal quotation marks and citation omitted); *see also Gutierrez v. Laird*, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (finding Section 2241 Habeas petition moot where petitioner sought a credit for time served but was no longer in federal custody). Accordingly, Milman's petition is dismissed as moot.[3]

---

[3] Parenthetically, the Court notes that even had Milman's petition not been dismissed as moot, the petition would have been dismissed on the merits. "Under § 3585(b) . . . the BOP may grant a defendant 'credit' against his federal sentence for time served in custody prior to sentencing in district court so long as that presentence custody 'has not been credited against another sentence.'" *Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) (quoting 18 U.S.C. § 3585(b)); *see also United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence."). "Time spent serving a state sentence also is time credited against that sentence." *Greenough v. Hufford*, 2013 WL 4534997, at *8 (S.D.N.Y. Aug. 27, 2013); *see also Sarro v. Billingsley*, 2013 WL 120817, at *4 (S.D.N.Y. Jan. 10, 2013) ("The time for which [petitioner] seeks a credit is time he spent in state custody serving his probation-violation sentence, and thus

## CONCLUSION

For the reasons indicated above, Milman's petition is denied. Petitioner is also denied a certificate of appealability as this petition presents no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Luciadore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of Court is directed to mail a copy of this Memorandum and Order to the *pro se* petitioner and to mark this matter closed.

**SO ORDERED.**

Dated: Central Islip, New York
September 9, 2013

/s/
Denis R. Hurley
Unites States District Judge

---

was credited to that state sentence. It may not also be credited toward his federal sentence.") Milman does not dispute that the time she seeks to have credited toward her federal sentence – the majority of which was time spent serving her state sentence– has already been credited toward that state sentence. Instead, Milman incorrectly contends that because her state and federal sentences are being served concurrently, her time in presentence custody – which was time spent serving her state sentence – can also be credited to her federal sentence. "[T]he Supreme Court and the Second Circuit have repeatedly read th[e] statutory language [of Section 3585(b)] as precluding such double-counting." *Sarro*, 2013 WL 120817, at *4 (citing cases). While courts in this Circuit have considered limited exceptions to the bar against "double-counting" presentence custody credit, such exceptions are not applicable here. *See Greenough v. Hufford*, 2013 WL 4534997, at *6 (S.D.N.Y. Aug. 27, 2013) (explaining when the *Willis* exception and the *Kayfez* exception are applicable where a prisoner is serving concurrent federal and state terms).

4